UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et.al., ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| v.  ) | Cause No: 4:22-cv-00405-CDP |
| ) | |
| MJ INTERIOR FINISHES AND  ) | |
| CONSTRUCTION MANAGEMENT, LLC, et al., ) | |
| ) | |
| Defendants.  ) | |

**MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION FOR ENTRY OF PARTIAL DEFAULT JUDGMENT
AND DEFAULT ORDER TO COMPEL ACCOUNTING**

This matter is before the Court on Plaintiffs' Motion for Entry of Partial Default Judgment and Default Order to Compel Accounting.  Plaintiffs bring this action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132.  Defendant Michael Parran, also known as Michael Parram, Makal Parram, Michael Parram Ali, Mike Parram, and/or Makal Ali (hereinafter, "Michael Parran") was served with the Summons and Complaint on June 30, 2022.  [Doc. No. 8].  Defendant MJ Interior Finishes and Construction Management, LLC (hereinafter, "MJ Interior") was served with the Summons and Complaint on September 2, 2022.  [Doc. No. 15].  As of today's date, Defendants have not filed any responsive pleadings.  The Clerk of Court granted Plaintiffs' Motion for Entry of Clerk's Default against Defendant Michael Parran on August 23, 2022. [Doc. No. 7].  The Clerk of Court granted Plaintiffs' Motion for Entry of Clerk's Default against Defendant MJ Interior on October 5, 2022. [Doc. No. 17].  Plaintiffs now seek an order compelling Defendants to submit to a payroll audit and, thereafter, a judgment for contributions and damages owed.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs have moved this Court for an order compelling Defendants to submit to a payroll audit so that Plaintiffs can determine the amounts allegedly owed.

Defendant MJ Interior is party to a collective bargaining agreement with the Union. This collective bargaining agreement requires MJ Interior to pay contributions to the Plaintiff funds and to file weekly contribution report forms. Likewise, the collective bargaining agreement requires MJ Interior to remit dues to the Union. MJ Interior has failed to submit its reports, dues, or contributions when due to Plaintiffs.

Defendant Michael Parran executed a personal Guaranty of Payment of Wages, Dues Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments (hereinafter, the "Guaranty") for MJ Interior's obligations under the collective bargaining agreement. The Guaranty requires Michael Parran to pay "all amounts due the Union, members of the Union employed by the Company, and the Trustees of the various Trust Funds, pursuant to the Collective Bargaining Agreement between the Company and the Union and any subsequent Collective Bargaining Agreement…"

Plaintiffs also seek an order compelling a payroll audit of Defendants' financial books and records covering the time period from July 26, 2021 to date within thirty (30) days of the Court's Order at Defendants' expense, so that the Court can subsequently determine and adjudicate the amount of damages due and owing to Plaintiffs for that time period and enter judgment for that amount. Absent this accounting, Plaintiffs would be unable to determine the precise amount of damages owed.

ERISA authorizes this Court to grant equitable relief such as an accounting in an action for delinquent contributions.  29 U.S.C. § 1132(g)(2)(E).  Moreover, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Partial Default Judgment and Default Order to Compel Accounting is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall submit to a financial examination for the period from **July 26, 2021, to date,** within thirty (30) days of this Court's order.

**IT IS FURTHER ORDERED** the Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to the entry of final judgments, as it deems appropriate.

**IT IS FURTHER ORDERED** that Defendants' failure to comply with this Order may result in sanctions.

                                              _____
                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE

Date:  October 11, 2022.