UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:22 CV 405 CDP |
| MJ INTERIOR FINISHES AND CONSTRUCTION MANAGEMENT LLC, formerly known as MJ Painting LLC, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring this action under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(2) (ERISA), and the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), to recover delinquent fringe benefit contributions that defendant MJ Interior Finishes and Construction Management LLC and its owner and guarantor, defendant Michael Parran, owe to the plaintiff employee benefit funds.  Plaintiffs move for default judgment, seeking a money judgment for unpaid contributions owed to the funds as well as liquidated damages, attorneys' fees, and costs.  Because the evidence submitted with the motion does not support the requested amount of judgment, I will deny the motion for default judgment.  I will, however, provide plaintiffs an opportunity to cure their deficiencies.

**Background**

Plaintiffs are Painters District Council 58 (Union), four employee benefits plans – St. Louis Painters Pension Trust, St. Louis Painters Welfare Trust, St. Louis Painters Vacation Trust, and the Finishing Trades Institute of Midwest Trust (Trust Funds) – and their respective trustees, sponsors, and/or fiduciaries. Plaintiffs filed their complaint on April 6, 2022, alleging that since July 2021 defendant MJ Interior was bound by a collective bargaining agreement (CBA) wherein it agreed to be bound to the various Trust Fund agreements and to make weekly reports, weekly contributions to the Trust Funds, and remit dues to the Union. Plaintiffs assert that MJ Interior failed and refused to pay all of the known contributions and dues required under the CBA. The complaint further alleges that defendant Parran failed to meet his obligation as guarantor to pay such contributions and dues.

On August 23 and October 5, 2022, the Clerk of Court entered orders of default against MJ Interior and Parran, respectively, after they failed to file an answer or other responsive pleading within the time required after being served with process. On October 11, 2022, I granted plaintiffs' motion to compel an accounting, and I ordered defendants to submit to a financial examination. Defendants did not comply with my Order. On April 12, 2023, after providing defendants notice and an opportunity to be heard, I granted plaintiffs' motion to

- 2 -

hold defendants in civil contempt.  Plaintiffs thereafter received defendants'

banking records and, according to plaintiffs, defendants admitted they owed

amounts based on contribution reports they submitted with no payment.  Plaintiffs

now ask me to enter default judgment against the defendants and have submitted

affidavits and other evidence in support of their request.  Plaintiffs have also

submitted a proposed judgment.

## Discussion

After default has been entered against a defendant, the defendant is deemed

to have admitted all well-pleaded factual allegations in the complaint.  *See Taylor*

*v. City of Ballwin,* 859 F.2d 1330, 1333 (8th Cir. 1988).  While factual allegations

in the complaint are generally taken as true, those allegations relating to the

amount of damages must be proven to a reasonable degree of certainty.  *Everyday*

*Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El-*

*Batrawi,* 524 F.3d 907, 916-17 (8th Cir. 2008).  Evidence and supporting

documents must provide a basis for the amount of damages sought by plaintiffs

and awarded by the Court.  *Stephenson*, 524 F.3d at 917.

In ERISA actions under 29 U.S.C. § 1132 that involve delinquent

contributions, a judgment for the prevailing plan(s) includes the amount in unpaid

contributions; an amount equal to the greater of interest on the unpaid

contributions or, as relevant here, liquidated damages provided for under the plan

in an amount not to exceed 20 percent of the amount in unpaid contributions; and

reasonable attorneys' fees and costs of the action.  29 U.S.C. § 1132(g)(2).  In their

motion for default judgment here, plaintiffs seek to recover $15,052.73 from

defendants, which comprises $3901 in unpaid contributions for weeks ending July

29, 2022, through August 26, 2022; $780.20 in liquidated damages; $9790 in

attorneys' fees; and $581.53 in costs.

Unpaid Contributions and Liquidated Damages

        Plaintiffs submitted the affidavits of Union Business Manager Carl Farrell

and Trust Fund Plan Manager Rachel Allen who both attest that defendants owe

$3901 in unpaid principal contributions for the five-week period for which

plaintiffs seek judgment.  They also attest that defendants owe $780.20 in

liquidated damages on the unpaid contributions.[1]  (ECF 37-2, 37-9.)  Submitted

with Allen's affidavit are five contribution reports from which she made her

calculations.  (ECF 37-10.)  From my review, however, the reports do not support

the calculations or the amounts plaintiffs seek in their motion.

        Regarding unpaid contributions, the face value total of the "amount due" –

that is, without performing the underlying calculations for each separate amount

based on the rate-per-hour formulas – is $3800.65, not $3901.  And each of the

five reports appears to contain an error as to the amount due to the Foundation

---

[1] This amount equals 20% of $3901.

Fund:  the rate-per-hour formula of $0.26 x 40 hours equals $10.40, not $10.00 as

indicated on the reports.  Finally, the report for "Work Performed During:

08/19/2022" shows $318.20 as the amount due to the Pension DB Fund.  However,

applying the formula for that Fund – that is, $7.96 x 40 – yields an amount due of

$318.<u>40</u>, not $318.20.  When the underlying math errors are corrected, the total

amount due appears to be $3802.85, which continues to not equal the $3901 that

Farrell and Allen attest to.  I cannot say, therefore, that the affidavits and evidence

submitted in the case support the amount in unpaid contributions plaintiffs seek.

Regarding liquidated damages, the CBA provides that they be

calculated as follows:  10% on delinquent contributions up to the first 30

days of the delinquency, after which they are calculated at a rate of 1-1/2 %

compounded monthly until the contributions are fully paid.  (ECF 37-2,

Farrell Affid. at ¶ 13; ECF 37-3, CBA at § 4.)  As set out above, ERISA

provides that liquidated damages be paid in accordance with the terms of the

plan and cannot not exceed 20% of the amount in unpaid contributions.  29

U.S.C. § 1132(g)(2)(C)(ii).  The $780.20 that plaintiffs seek in liquidated

damages equals 20% of the $3901 in unpaid contributions plaintiffs claim

are due.  But it is not clear that liquidated damages would approach 20% of

unpaid contributions in this action if they were calculated under Section 4 of

the CBA.  *See id.* (court shall award liquidated damages "provided for under

the plan"). Regardless, because the claimed amount of $3901 in unpaid

contributions is not supported by the evidence, the requested liquidated

damages based on a percentage of that amount is likewise not supported.

Attorneys' Fees and Costs

Plaintiffs also seek judgment for attorneys' fees and costs totaling

$10,371.53. Plaintiffs have submitted the affidavit of attorney Matthew J. Gierse

who attests to the applicable hourly billing rate, the details of the legal work

performed, and the time expended, which results in legal fees totaling $9790.

(ECF 37-11.) Gierse also attests that plaintiffs have or will be billed costs in this

action totaling $581.53, but he provides no explanation for the costs other than a

one-page list that comprises one entry for the Court's filing fee and seven

unexplained entries of amounts paid to Frederick Investigations. (*Id.*; *see* ECF 37-

12.) And of the seven Frederick Investigations entries, two are made on the same

date (09/08/22) and denote payment with the same check number (#2417) but in

different amounts ($70.70 and $77.31). Both amounts are included in the "Grand

Total" of $581.53 for billed costs. With no explanation of the Frederick

Investigations costs and the apparent duplicative entries, I cannot say that plaintiffs

have adequately demonstrated the reasonableness of the costs they seek to recover.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment

[37] is denied without prejudice.

      **IT IS FURTHER ORDERED** that within ten (10) days of the date of this

Order, plaintiffs shall resubmit their motion for default judgment, with appropriate

evidence and affidavits in support – particularly regarding the amount in unpaid

contributions, liquidated damages under the terms of the CBA, and costs incurred

in this action.  Plaintiffs shall also submit a proposed judgment for my

consideration.


                                          _____
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE


Dated this 27th day of July, 2023.