UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 4:22 CV 405 CDP ) |
| MJ INTERIOR FINISHES AND CONSTRUCTION MANAGEMENT LLC, formerly known as MJ Painting LLC, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiffs move for default judgment in this action brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(2) (ERISA), and the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), for recovery of delinquent contribution and dues.  Plaintiffs claim that defendants failed to pay fringe benefit contributions owed to ERISA plans and failed to pay union dues and contributions to non-ERISA funds as required by a collective bargaining agreement (CBA).  Defendants are MJ Interior Finishes and Construction Management LLC and its owner and guarantor, defendant Michael Parran (also known as Michael Parram, Makal Parram, Michael Parram Ali, Mike Parram, and/or Makal Ali).  Plaintiffs are Painters District Council 58 (Union), four employee benefits plans – St. Louis Painters Pension Trust, St. Louis Painters

Welfare Trust, St. Louis Painters Vacation Trust, and the Finishing Trades Institute of Midwest Trust (Trust Funds) – and their respective trustees, sponsors, and/or fiduciaries. For the reasons that follow, I will grant the motion and enter full default judgment against the defendants.

Plaintiffs filed this action on April 6, 2022. On August 23 and October 5, 2022, the Clerk of Court entered orders of default against MJ Interior and Parran, respectively, after they failed to file an answer or other responsive pleading within the time required after being served with process. On October 11, 2022, I granted plaintiffs' motion to compel an accounting, and I ordered defendants to submit to a financial examination.[1] Plaintiffs now move for a full default judgment, seeking a money judgment against defendants for unpaid contributions owed to ERISA plans and non-ERISA funds, unpaid union dues, liquidated damages, attorneys' fees, and costs.

## Discussion

After default has been entered against a defendant, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *See Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, allegations relating to the amount in

---

[1] Defendants did not comply with my Order. On April 12, 2023, after providing defendants notice and an opportunity to be heard, I granted plaintiffs' motion to hold defendants in civil contempt.

- 2 -

damages must be proven to a reasonable degree of certainty.  *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El-Batrawi,* 524 F.3d 907, 916-17 (8th Cir. 2008).  Evidence and supporting documents must provide a basis for the amount in damages sought by plaintiffs and awarded by the Court.  *Stephenson*, 524 F.3d at 917.  Accordingly, in deciding the present motion for default judgment, I accept as true the factual allegations contained in plaintiffs' complaint and consider the affidavits and evidence presented by plaintiffs as they relate to plaintiffs' claimed damages.  Plaintiffs have submitted the affidavits of Union Business Manager Carl Farrell, Trust Fund Plan Manager Rachel Allen, and attorney Matthew Gierse, with supporting exhibits.  Plaintiffs have also submitted a proposed judgment for my consideration.

On the evidence before the Court, plaintiffs have established that defendant MJ Interior is party to a CBA with the Union.  The CBA requires MJ Interior to pay contributions to the plaintiff Trust Funds as well as to other non-ERISA funds and to file weekly contribution report forms.  The CBA also requires MJ Interior to remit dues to the Union.  Finally, as relevant to this action, the CBA provides for liquidated damages on any unpaid amounts as well as attorneys' fees incurred for recovery of unpaid contributions, dues, and liquidated damages, and any other relief permitted by law.  MJ Interior has failed to submit its reports, dues, or contributions when due.

Plaintiffs have also established that Parran signed a document titled

"Personal Guaranty of Payment of Wages, Dues Remissions, Fringe Benefit Contributions, and Other Miscellaneous Payments" wherein he personally guaranteed and bound himself to the payment of all amounts due the Union and the Trustees of the various Trust Funds, as well as to the payment of all damages, costs, fees, and expenses that the Union or the Trustees of the Trust Funds may be entitled to recover from MJ Interior pursuant to the CBA or under any local, state, or federal law.  Parran has failed and continues to fail to act under his obligation created by the Guaranty.

In ERISA actions under 29 U.S.C. § 1132 that involve delinquent contributions, a judgment for the prevailing plan(s) includes the amount in unpaid contributions; interest on unpaid contributions; an amount equal to the greater of interest on the unpaid contributions or, as relevant here, liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount in unpaid contributions; and reasonable attorneys' fees and costs of the action.  29 U.S.C. § 1132(g)(2).

The Union's LMRA claim that defendants breached the CBA and Guaranty is governed by general principles of contract law.  *See Painters Dist. Council No 58 v. JohnEd, Inc.*, No. 4:17 CV 1271 JMB, 2019 WL 118549, at *2 (E.D. Mo. Jan. 7, 2019).  *See also Trustees of I.B.E.W. Local 405 Health & Welfare Fund v. Affordable Elec., Inc.*, No. 08-CV-117-LRR, 2009 WL 54559, at *3 (N.D. Iowa Jan. 7, 2009) (liability and damages for § 185 claim are governed by terms of the

- 4 -

contract, *e.g.*, a CBA).  Accordingly, liquidated damages, attorneys' fees, and costs for plaintiffs' LMRA claim are available only if the CBA provides for them.  *See GP&W Inc. v. Daibes Oil, LLC*, 497 S.W.3d 866, 871 (Mo. Ct. App. 2016) (attorneys' fees and costs for breach of contract); *Painters Dist. Council No. 58 v. Architectural Painting Servs., Inc.*, No. 4:16 CV 41 RWS, 2017 WL 1246684, at *6 (liquidated damages for LMRA claim).  The CBA in this action provides for such relief.

Under ERISA and the applicable CBA, defendant MJ Interior owes $3901 in delinquent contributions and unpaid dues.  The liquidated damages on these unpaid amounts, as calculated under the terms of the CBA, exceed 20 percent of the amount owed.  Plaintiffs seek to recover the ERISA-imposed cap of 20 percent in liquidated damages on all outstanding amounts owed, including union dues and non-ERISA contributions.  Because this amount ($780.20) complies with § 1132(g)(2) on plaintiffs' ERISA claims and does not exceed the CBA's liquidated damages provision on plaintiffs' non-ERISA claims, I will permit such recovery.  Plaintiffs do not seek interest on the unpaid contributions.  Plaintiffs incurred $9790 in attorneys' fees and $1449.67 in costs.  Based on the evidence presented, I find that services performed by plaintiffs' attorney were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees and costs is reasonable.

Based on plaintiffs' allegations and the affidavits and documentation

submitted, plaintiffs are entitled to the relief requested.  Parran is personally liable to plaintiffs for all amounts MJ Interior owes in this case based on the Guaranty that he signed.  Parron and MJ Interior are therefore jointly and severally liable on the amounts owed.  *JohnEd, Inc.*, 2019 WL 118549, at *2.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Renewed Motion for Entry of Full Default Judgment [39] is **GRANTED**, and plaintiffs shall recover from defendant MJ Interior Finishes and Construction Management LLC and its owner and guarantor, defendant Michael Parran (a/k/a also known as Michael Parram, Makal Parram, Michael Parram Ali, Mike Parram, and/or Makal Ali), jointly and severally, the sum of $15,920.87, which comprises the following:

- $3901 in delinquent contributions and union dues;
- $780.20 in liquidated damages;
- $9790 in attorneys' fees; and
- $1449.67 in costs.

A separate default judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2023.